

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,227-01

### EX PARTE MICHAEL JOSEPH MALLINGER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 670114-A IN THE 178TH DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). A jury convicted Applicant of murder and assessed a forty-year prison sentence. The Fourteenth Court of Appeals affirmed the conviction. *Mallinger v. State*, No. 14-95-00027-CR (Tex. App.—Houston [14th Dist.] del. May 2, 1996).

Applicant contends: that his trial counsel was ineffective for failing to investigate and present evidence during the guilt/innocence phase from a qualified expert concerning the victim's injuries; that trial counsel was ineffective for failing to investigate and present favorable guilt/innocence phase evidence that was present and readily available to counsel; that trial counsel was ineffective

in his preparation of Applicant to testify during the guilt/innocence phase; that trial counsel failed to advise Applicant of his right to testify at punishment; that trial counsel was ineffective for failing to investigate and present mitigating evidence at punishment; that trial counsel was ineffective in punishment summation; and that trial counsel's cumulative errors rendered him ineffective. Applicant also contends that he was denied due process of law and a fair trial based on the State's presentation of false evidence and false and misleading testimony.

This Court has independently reviewed the habeas record and holds that Applicant fails to show entitlement to habeas relief. *See Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Weinstein*, 421 S.W.3d 656 (Tex. Crim. App. 2014). Habeas relief is denied.

Delivered: July 3, 2019
Do not publish